13-3361-cv
O'Hara v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of June, two thousand fourteen.

PRESENT: REENA RAGGI,
     GERARD E. LYNCH,
     RAYMOND J. LOHIER, JR.,
       *Circuit Judges.*

-----------------------------------------------------------------------

PAUL O'HARA,

      *Plaintiff-Appellee,*

    v.                No. 13-3361-cv

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICERS JOHN DOE # 1–6, MICHAEL MCAVOY, P.O., P.O. MICHAEL MALONE, P.O. JOHN DOE # 1–4,

      *Defendants-Appellants.*[*]

-----------------------------------------------------------------------

APPEARING FOR APPELLANTS:  DRAKE A. COLLEY (Edward F.X. Hart, *on the brief*), of Counsel, *for* Zachary Carter, Corporation Counsel of the City of New York, New York, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEE:     JON L. NORINSBERG, ESQ., New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Tucker L. Melançon, *Judge*).[**]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 22, 2013, is AFFIRMED.

Defendant-appellant Michael McAvoy was found liable after a jury trial of having used excessive force in arresting plaintiff-appellee Paul O'Hara in violation of the Fourth Amendment, see 42 U.S.C. § 1983, and of having committed state-law battery. On appeal, McAvoy challenges the denial of his post-verdict motion for qualified immunity and the denial of his motion for a new trial. See Fed. R. Civ. P. 59. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm largely for the reasons stated by the district judge in his Memorandum and Order dated August 22, 2013.

1.     Qualified Immunity

Because qualified immunity affords "immunity from suit rather than a mere defense to liability," Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original), it is usually invoked before trial. Where, however, immunity depends on disputed facts, the availability of that shield may be determinable only after trial. This is such a case because of the sharply conflicting accounts of McAvoy and O'Hara as to the former's use of

---

[**] The Honorable Tucker L. Melançon, of the United States District Court for the Western District of Louisiana, sitting by designation.

physical force in effecting the latter's arrest. In finding McAvoy to have used excessive force, the jury, in responses to interrogatories, specifically rejected the officer's testimony that he punched O'Hara only because O'Hara had approached McAvoy in a threatening manner, i.e., with fists clenched, at a rapid pace until he was face-to-face with the officer at a close distance, whereupon O'Hara chest-bumped McAvoy. Nevertheless, because the jury also (a) found that O'Hara was struggling with McAvoy when he was punched, (b) did not find McAvoy liable for assault, and (c) declined to award punitive damages, McAvoy submits that he is entitled to qualified immunity. Specifically, he contends that the jury erred as a matter of law in finding McAvoy to have used excessive force, and that the district court erred in failing to recognize that officers of reasonable competence could have disagreed as to the degree of force necessary to effect O'Hara's arrest. See Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) (recognizing qualified immunity to apply where (1) facts fail to show defendant's violation of constitutional rights or (2) right was not clearly established at time of defendant's actions); accord Zalaski v. City of Hartford, 723 F.3d 382, 388 (2d Cir. 2013).

While we review a qualified immunity claim de novo, see Zalaski v. City of Hartford, 723 F.3d at 388, where, as here, we do so after trial, we must view all disputed facts in the light most favorable to O'Hara, the prevailing party, see generally Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (observing in context of Rule 50 motion that, after trial, court may grant relief from verdict only if evidence, even when viewed in light most favorable to prevailing party, would have compelled a reasonable juror to find in

3

favor of movant); Zellner v. Summerlin, 494 F.3d 344, 370 (2d Cir. 2007). When we do that here, we cannot conclude, as McAvoy urges—largely by casting the record in the light most favorable to himself—that no reasonable jury could have found him to have used excessive force in arresting O'Hara.

Specifically, if we assume, as we must, that in effectuating O'Hara's arrest for a relatively minor matter, McAvoy—who was one of six armed officers on the scene—punched O'Hara in the face without provocation and then proceeded to punch him repeatedly after the 17-year old fell to the ground, we conclude that a reasonable jury could have found excessive force. See O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 37 (2d Cir. 2003) ("'With respect to a claim of excessive force' during arrest, in violation of the Fourth Amendment, the standard is the 'reasonableness [of the particular force used] at the moment[.]'" (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)) (alterations in original)); see also Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 123 (2d Cir. 2004) (holding that officer effectuating arrest may not use more force than reasonable under circumstances to take person into custody).

The fact that the jury did not find McAvoy liable for assault or award punitive damages did not compel it, as a matter of law, to reject O'Hara's excessive force claim. See Harris v. Niagara Mohawk Power Corp., 252 F.3d 592, 598 (2d Cir. 2001) (holding that "proper approach when faced with seemingly inconsistent verdicts is not to credit one finding and vacate the other" but rather "a reviewing court must adopt a view of the case, if there is one, that resolves any seeming inconsistency" (internal quotation marks omitted)).

4

Here, to find McAvoy liable for assault, the jury was instructed that they had to find that McAvoy intentionally placed O'Hara in fear of imminent harm or offensive contact. Insofar as the alleged attack occurred without provocation, a jury could have reasonably found both that McAvoy intentionally or recklessly used excessive force against O'Hara, without also finding that O'Hara was placed in imminent fear of harm. Similarly, we identify no inconsistency in the jury's excessive force verdict, which focuses on whether the use of force was reasonable, and its conclusion that O'Hara failed to show that McAvoy "acted maliciously or wantonly in using excessive force," J.A. 1230, so as to warrant the imposition of punitive damages. Cf. Fiacco v. City of Rensselaer, 783 F.2d 319, 325 (2d Cir. 1986) (holding that jury verdict finding officer liable for excessive force was not inconsistent with verdict that officer was not liable for malicious assault).

Further, like the district court, we conclude that no reasonable officer confronting the circumstances of this case, viewed most favorably to O'Hara, could have thought that the law authorized him repeatedly to punch an unarmed, non-menacing 17-year old in effecting an arrest. See Sullivan v. Gagnier, 225 F.3d 161, 166 (2d Cir. 2000) (holding that force used "must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer").

In urging otherwise, McAvoy emphasizes the jury finding that O'Hara was "struggling" when McAvoy punched him, arguing that a reasonable officer might have understood O'Hara to be resisting arrest. But O'Hara testified that he was struggling to avoid McAvoy's blows, and we must assume the jury credited that explanation. In such

5

circumstances, McAvoy, as well as any reasonable officer in his position would have understood that it was his own punches, not the arrest, that O'Hara was struggling against. In any event, if McAvoy wanted to be able to argue otherwise in support of qualified immunity, it was his responsibility to request that interrogatories on that point be submitted to the jury. See Zellner v. Summerlin, 494 F.3d at 368 ("To the extent that a particular finding of fact is essential to a determination by the court that the defendant is entitled to qualified immunity, it is the responsibility of the defendant to request that the jury be asked the pertinent question."). The fact that the jury did not hold McAvoy liable for false arrest does not, by itself, mean that it found O'Hara to have resisted arrest, or McAvoy reasonably to have believed that he was confronting such resistance. In the absence of such findings, McAvoy cannot demonstrate that a reasonable officer in his position would have understood that it was necessary to punch O'Hara repeatedly to take him into police custody. Resisting arrest cases cited by McAvoy are thus factually distinguishable. See, e.g., Tracy v. Freshwater, 623 F.3d 90, 97 (2d Cir. 2010) (recognizing as reasonable officer's use of flashlight to defend himself against person he correctly presumed to be a fugitive from justice when that person made a quick and sudden movement as officer attempted to effect arrest in circumstances where he was alone); Crowell v. Kirkpatrick, No. 09-4100-cv, 400 F. App'x 592, 595 (2d Cir. Nov. 15, 2010) (summary order) (concluding that use of taser was reasonable where plaintiffs "were actively resisting their arrest").

We therefore affirm the district court's denial of qualified immunity.

6

2.      New Trial Motion

McAvoy contends that the district court erred in denying him a new trial pursuant to Fed. R. Civ. P. 59 based on (1) the erroneous exclusion of evidence, and (2) opposing counsel's misconduct in summation.   We review the denial of a Rule 59 motion for abuse of discretion, see Cash v. Cnty. of Erie, 654 F.3d at 339–40, mindful that challenges to evidentiary rulings and counsel arguments are themselves subject only to deferential review, see Patterson v. Balsamico, 440 F.3d 104, 119 (2d Cir. 2006); Meloff v. N.Y. Life Ins. Co., 240 F.3d 138, 148 (2d Cir. 2001).

Here, the district court acted well within its discretion in not admitting purportedly forged documents to impeach the credibility of a deceased deposition declarant because (1) the documents had not been timely identified as trial exhibits, (2) defendants failed to identify witnesses who could authenticate the documents or attest to their being forged, and (3) the documents constituted extrinsic evidence on a matter bearing only on a witness's credibility.   See Fed. R. Evid. 608(b); cf. Patterson v. Balsamico, 440 F.3d at 117 (affirming exclusion of testimony under Fed. R. Civ. P. 37(c)(1) for failure timely to disclose witnesses as required by Fed. R. Civ. P. 26(a) where counsel provided insufficient explanation for delay in disclosing witness and no continuance was requested).

Nor was a new trial mandated by summation error.   The remarks not objected to by defendants do not manifest plain error.   See Greenway v. Buffalo Hilton Hotel, 143 F.3d 47, 51 (2d Cir. 1998) ("[W]here . . . the complaining party failed to object at trial to the [allegedly improper summation] statements, we may reverse only for plain error because

7

that failure deprives the trial court of an opportunity to deal with those remarks then and there.").   As for the single preserved objection, we need not decide whether the challenged rebuttal argument was unfair because, in any event, the district court's curative instruction was sufficient to avoid undue prejudice.   See Patterson v. Balsamico, 440 F.3d at 119 (identifying no abuse of discretion in denial of motion for new trial where, in light of curative instruction, counsel's allegedly improper statements in summation "did not create sufficient undue prejudice or passion to warrant a new trial" (internal quotation marks omitted)).

We have considered McAvoy's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court