*Benny v. City of Long Beach*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of December, two thousand twenty-three.

PRESENT:
>        **GERARD E. LYNCH,**
>        **MICHAEL H. PARK,**
>                *Circuit Judges.*
>        **OMAR A. WILLIAMS,**
>                *District Judge.*[*]

---

**Ricky Joshua Benny,**

                *Plaintiff-Appellee*,

        **v.**                                          **22-1863**

**The City of Long Beach, The Long Beach Police Department, Police Officer Joseph Wiemann, Police Officer Rocco Walsh, Officers John Does 1-10,**

                *Defendants-Appellants.*

---

---

[*] Judge Omar A. Williams, of the United States District Court for the District of Connecticut, sitting by designation.

**FOR PLAINTIFF-APPELLEE:**    SCOTT A. KORENBAUM, New York, NY (Frederick K. Brewington, Law Offices of Frederick K. Brewington, Hempstead, NY, *on the brief*)

**FOR DEFENDANTS-APPELLANTS:**    HOWARD M. MILLER (Richard S. Finkel *on the brief*), Bond, Schoeneck & King, PLLC, Garden City, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Ricky Joshua Benny filed a complaint against the City of Long Beach, the Long Beach Police Department, and individual police officers, bringing claims under 42 U.S.C. §§ 1981 and 1983 as well as under New York state law. Benny alleged claims of racial discrimination, deprivation of rights, privileges, and immunities under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments, false arrest, malicious prosecution, fabrication of evidence, unreasonable and excessive use of force, abuse of process, municipal liability, and failure to intervene. The district court dismissed the City of Long Beach and the Long Beach Police Department as defendants, the § 1983 municipal liability claim, and the § 1981 claim, but denied without prejudice Defendants' motion to dismiss Benny's remaining claims, with leave to file a motion for summary judgment. The individual officer defendants (the "Officer Defendants") moved for summary judgment on Benny's remaining claims, which the district court granted except for Benny's excessive force and failure to intervene claims, finding genuine material issues of fact in dispute. The Officer Defendants now appeal the district court's denial of qualified

immunity at summary judgment on Benny's claims for excessive force and failure to intervene. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At the outset, Benny argues that we lack subject-matter jurisdiction because the Officer Defendants contest the genuineness of disputed facts identified by the district court, falsely "claim[ing] they have accepted Benny's version of the facts." *See Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) ("Although we must examine whether a given factual dispute is material for summary judgment purposes, we may not review whether a dispute of fact identified by the district court is genuine."). But it is the materiality of disputed facts that the Officer Defendants contest, not the existence of a genuine dispute. In any event, here, we view "the facts in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 381 (2007). We thus have jurisdiction to review this appeal.

This Court reviews "*de novo* a district court's denial of a summary judgment motion based on a defense of qualified immunity." *Jones*, 465 F.3d at 55. We limit our review to "circumstances where the qualified immunity defense may be established as a matter of law." *Id*.

**I.      Benny's Excessive-Force Claim**

The Officer Defendants argue that they are entitled to qualified immunity. Officers are entitled to qualified immunity "if either (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003). To evaluate whether the Officer Defendants violated clearly established law, we consider "whether the officials' actions violated 'clearly established statutory or constitutional rights of which a

3

reasonable person would have known.'" *Jones*, 465 F.3d at 55. "A right is clearly established if . . . a reasonable defendant [would] have understood from the existing law that [his] conduct was unlawful." *Anderson*, 317 F.3d at 197 (internal quotation marks omitted).

The district court properly considered whether the Officer Defendants violated clearly established law. Because it is not clear from the video, we accept as true Benny's allegation that he was not given the opportunity to comply with the Officer Defendants' order to turn around to be handcuffed before he was thrown to the ground. Appellee's Br. at 2, 15. In light of the Officer Defendants' apparent initiation of force without warning or the opportunity to comply, we see no error in the district court's reliance on cases involving the use of excessive force against unresisting individuals. *See, e.g.*, *Rogoz v. City of Hartford*, 796 F.3d 236, 240-41 (2d Cir. 2015) (denying immunity when an officer jumped knee-first on a plaintiff who had laid down on the ground with his hands behind his back); *O'Hara v. City of New York*, 570 F. App'x 21, 23 (2d Cir. 2014) (denying immunity to an officer who "punched [plaintiff] in the face *without* provocation and then proceeded to punch him repeatedly after [he] fell to the ground"); *Calamia v. City of New York*, 879 F.2d 1025, 1035 (2d Cir. 1989) (denying immunity to an officer who shoved the plaintiff to the floor as soon as he answered the door and cuffed him).

Considering the facts in the light most favorable to Benny, the district court identified clearly established law that would place a reasonable officer on notice that his use of force was unlawfully excessive. We thus affirm the district court's denial of the Officer Defendants' motion for summary judgment on the excessive force claim based on qualified immunity.

**II.   Benny's Failure to Intervene Claim**

4

"It is widely recognized that all law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). An officer is "under a duty to intercede and prevent fellow officers from subjecting a citizen to excessive force, and may be held liable for his failure to do so if he observes the use of force and has sufficient time to act to prevent it." *Figueroa v. Mazza*, 825 F.3d 89, 106 (2d Cir. 2016). "Whether the officer had a 'realistic opportunity' to intervene is normally a question for the jury, unless, 'considering all the evidence, a reasonable jury could not possibly conclude otherwise.'" *Terebesi v. Torreso*, 764 F.3d 217, 244 (2d Cir. 2014).

Because a question of material fact exists as to whether the force used was excessive and whether other Officer Defendants failed to intervene, we cannot conclude at this stage of the proceedings that the Officer Defendants are protected by qualified immunity on Benny's failure to intervene claim. We thus affirm the district court's denial of the Officer Defendants' motion for summary judgment on the failure to intervene claim based on qualified immunity.

**III. State-Law Claims**

Benny raises new state-law claims for assault and battery against the City of Long Beach on appeal. Benny did not assert these claims in his Complaint and raises them for the first time on appeal, so we decline to consider them here. *See Green v. Dep't of Educ.*, 16 F.4th 1070, 1078 (2d Cir. 2021) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

*     *     *

We have considered all of the parties' remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 27, 2022 order of the district court to the extent that it denied the Officer Defendants' motion for summary judgment on Benny's excessive force and failure to intervene claims. We decline to consider Benny's remaining state-law claims raised for the first time on appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court