Paul Z. **WILCOX**, Plaintiff-Appellant,

v.

**MOORE–McCORMACK LINES, INC.,**
Defendant-Appellee.

No. 403, Docket 30693.

United States Court of Appeals
Second Circuit.

Argued April 10, 1967.

Decided April 11, 1967.

William E. Fuller, New York City (S. Eldridge Sampliner, Cleveland, Ohio, on the brief), for plaintiff-appellant.

William M. Kimball, Burlingham, Underwood, Barron, Wright & White, New York City, for defendant-appellee.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Plaintiff, who fell and injured his back while descending a stairway leading from the galley to the reefer spaces of defendant's S.S. Robin Mowbray, appeals from the verdict of a jury in the Southern District of New York that the ship was not unseaworthy by reason of a small piece of meat on which plaintiff allegedly slipped. We find no error, and affirm the judgment.

Plaintiff asserts that the trial court gave no instructions "on the issue of temporary or transient unseaworthiness" arising from the alleged presence of the piece of meat. Judge Murphy charged, however, that the issue was "whether or not the defendant's ship, the SS Robin Mowbray, because of a piece of meat on a ladder or stairway on July 19, 1957, was unseaworthy," and then defined unseaworthiness in the language of Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d

941 (1960). Plaintiff apparently contends that the trial court should have charged even more explicitly that a temporary condition may amount to unseaworthiness. But even if the failure to do so was error, which we do not intimate, it was not objected to; and this is far from the "exceptional case" in which this Court may notice an asserted error to which no objection was made below. Compare, e. g., McNamara v. Dionne, 298 F.2d 352 (2 Cir. 1962); Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 234 F.2d 253 (2 Cir. 1956).

■ Plaintiff next contends that the jury should have been instructed that it could find the ship unseaworthy if it found that the stairway was worn smooth or poorly lighted. But no evidence to support either claim was offered until plaintiff's redirect examination, when it was properly excluded as beyond the scope of cross-examination.

■ Finally, plaintiff argues that the trial court abused its discretion by refusing at the outset and at the conclusion of the trial to permit an amendment to add a claim for penalty wages under 38 Stat. 1164 (1915), 46 U.S.C. § 596, based on an alleged failure to pay overtime wages until plaintiff's arrival in New York, one month and three days after his discharge in Port Elizabeth, South Africa, and on an allegedly improper deduction from plaintiff's slops account. As this action was commenced in 1960 and plaintiff first served notice of this amendment three weeks before trial in 1966, the trial court did not abuse its discretion in finding that plaintiff had delayed unduly. Cf. Wheeler v. West India S.S. Co., 205 F.2d 354 (2 Cir.), cert. denied, 346 U.S. 889, 74 S.Ct. 141, 98 L.Ed. 393 (1953). After so long a lapse of time, when witnesses are dispersed and some can no longer be located, memories of individual deductions have become dim, and records, such as the original of plaintiff's pay voucher, are no longer available, amendment would plainly prejudice the defendant.

Affirmed.