**Juan F. MARQUEZ, Plaintiff-Appellant,**

v.

**AMERICAN EXPORT LINES, Defendant-Appellee.**

**No. 110, Docket 30990.**

United States Court of Appeals
Second Circuit.

Argued Oct. 17, 1967.

Decided Nov. 8, 1967.

Jacob Rassner, New York City (Schiffman & Kassin, New York City, of counsel), for appellant.

M. E. DeOrchis, New York City (Haight, Gardner, Poor & Havens, Stephen K. Carr, New York City, of counsel), for appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

PER CURIAM:

Plaintiff, a seaman, was injured while aboard defendant's vessel, the S.S. Export Bay. The cause of the injury was a fall, allegedly occasioned by an encumbered condition of a catwalk built over cargo. From a judgment entered upon a jury verdict in favor of defendant, plaintiff appeals.

Appellant urges that reversible error was committed on the trial by the admission in evidence of appellant's drunkenness on prior occasions and of his drinking before the accident. For a second point, appellant contends that the court failed adequately to instruct the jury as to what would constitute liability.

As to the "drunkenness" point, the testimony was relevant on the issue of plaintiff's credibility and with relation to the amount of damages sustained, namely, time plaintiff worked. In fact, the court specifically charged that the testimony was received "solely on the issue of what is termed impeaching or attempting to impeach the credibility of a witness and, if you should get to it, on the question of determining the future employability of the witness."

As to the adequacy of the charge with respect to unseaworthiness, the court formulated, in substance, its instructions upon decisions of the Supreme Court and Court of Appeals,[1] on the subject of absolute duty to supply a seaworthy vessel and temporary conditions creating unseaworthiness. Such portions of the charge which appellant now points to were not made the subject of any exceptions upon the trial. In view of the adequacy of the charge in presenting to the jury the salient issues to be considered by it, any defects, to which no objection was taken, do not constitute reversible error. See Wilcox v. Moore-McCormack Lines, 375 F.2d 744 (2d Cir., 1967).

Judgment affirmed.

---

1. Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); Pinto v. States Marine Corp. of Delaware, 296 F.2d 1, 4 (2d Cir. 1961); Blier v. United States Lines Co., 286 F.2d 920, 924 (2d Cir.), cert. denied, 368 U.S. 836, 82 S.Ct. 32, 7 L.Ed. 2d 37 (1961).