380 F.3d 106
 Leah MAXWELL, Plaintiff-Appellant,
v.
CITY OF NEW YORK; John Does, 1 to 6, representing several unidentified police officers and the Commanding Officer of Manhattan Central Booking, in their individual and official capacities; Jane Does, 1 to 6, representing several unidentified police officers,
 in their individual and official capacities; The Fat Black Pussycat; John Doe, 7, representing an employee of The Fat Black Pussycat; Howard Safir, former Police Commissioner of the City of New York, in his individual and official capacity; Sebastian Mannuzza, Police Officer, Shield No. 23890, in his individual and official capacity, Defendants-Appellees.
 Docket No. 03-0245.
 United States Court of Appeals, Second Circuit.
 Argued: April 12, 2004.
 Decided: August 12, 2004.
 
 Appeal from the United States District Court for the Southern District of New York, Victor Marrero, J.
 Richard J. Cardinale, Brooklyn, NY (Cardinale Hueston & Marinelli, Brooklyn, NY, on the brief), for Plaintiff-Appellant.
 Sharyn Rootenberg, New York City. (Michael A. Cardozo, New York City Corporation Counsel, Larry A. Sonnenshein, John H. Graziadei, New York City, on the brief), for Defendants-Appellees.
 Before: NEWMAN, KEARSE, and SOTOMAYOR, Circuit Judges.
 JON O. NEWMAN, Circuit Judge.
 
 
 1
 This appeal primarily concerns a claim of excessive force in the course of an arrest. Plaintiff-Appellant Leah Maxwell appeals from a judgment of the District Court for the Southern District of New York (Victor Marrero, District Judge) granting summary judgment to Defendants-Appellees City of New York ("City"), former City Police Commissioner Howard Safir in his individual and official capacities, police officer Sebastian Mannuzza in his individual and official capacities, and several unidentified police officers in their individual and official capacities ("Defendants-Appellees"). Maxwell brought suit under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments, for violation of her civil rights and for negligence under New York law. This opinion considers her claim of excessive force during the arrest, a claim that we conclude merits a trial. Issues concerning her other claims have been rejected in a summary order filed today. We therefore affirm in part, vacate in part, and remand.
 
 Background
 
 2
 The following facts, alleged by the Plaintiff in her complaint and at her deposition, concern her claim of excessive force. On June 26, 2000, between 2:00 and 2:30 a.m., Maxwell and her friend, co-plaintiff Q'Niah Nasi, arrived at the Fat Black Pussycat bar in Greenwich Village. Maxwell, a college student, who stands 5'1" tall and weighs 115 pounds, became embroiled in a verbal dispute with the club's bouncer when he refused to admit Nasi.
 
 
 3
 The dispute escalated into a physical altercation, during which Maxwell allegedly hit the bouncer over the head with her backpack, lacerating the bouncer's head. Officer Mannuzza and his partner arrived on the scene at approximately 3:23 a.m and arrested Maxwell for assault. Maxwell alleges that Mannuzza violently and unnecessarily swung and jerked her around by the handcuffs while she was cuffed from behind. Especially pertinent to this appeal, Maxwell also alleges that Mannuzza shoved her head first into his police car, causing her head to strike the metal partition between the front and back seats.
 
 
 4
 Maxwell alleged that she suffered immediate pain as a result of hitting her head on the partition. She was taken to a hospital after 4 a.m. where she was treated for pain in her lower back and left arm and for headache.
 
 
 5
 Maxwell was eventually arraigned and then released on her own recognizance. Her case ended in an adjournment in contemplation of dismissal under New York Criminal Procedure Law § 170.55. During the following weeks, Maxwell suffered from headaches, dizziness, nausea, and lethargy. She obtained further medical treatment and was diagnosed with post-concussive syndrome.
 
 
 6
 Maxwell and Nasi filed their joint complaint in July 2001. Two years later, the District Court entered summary judgment in favor of the Defendants-Appellees.
 
 Discussion
 
 7
 Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable "in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Although "`[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' ... violates the Fourth Amendment" id. at 396, 109 S.Ct. 1865 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir.1973)), we have permitted a plaintiff's claim to survive summary judgment on allegations that, during the course of an arrest, a police officer twisted her arm, "yanked" her, and threw her up against a car, causing only bruising, Robison v. Via, 821 F.2d 913, 924-25 (2d Cir.1987).
 
 
 8
 The District Court rejected Maxwell's claim on summary judgment in part because the Court understood the following answer in her deposition to refute the claim that she was propelled head-first into the metal partition of the police car: Q: So when he shoved you into the car, was it head first or did he turn you around and seat you?
 
 
 9
 A: I was shoved. I don't know. It was just like, "get in."
 
 
 10
 In the Court's view, this response "unambiguously indicat[ed]" that Maxwell "did not remember how she was `shoved' in the car." Maxwell v. City of New York, 272 F.Supp.2d 285, 306 (S.D.N.Y.2003) (denying reconsideration). Therefore, the Court found, the statement undermined Maxwell's later allegations in her sworn declaration in opposition to the summary judgment motion:
 
 
 11
 Mannuzza violently shoved me head first into the police car. Mannuzza's shove caused my head to strike the solid partition inside of the police car.
 
 
 12
 We appreciate the Court's concern that a party's affidavit may not create an issue of fact by "contradict[ing] the affiant's previous deposition testimony," Hayes v. New York City Dep't of Corrections, 84 F.3d 614, 619 (2d Cir.1996), but we think the Court read Maxwell's deposition responses too narrowly, especially in light of Maxwell's answer to the question that immediately preceded her earlier response:
 
 
 13
 Q: Do you remember, though, whether you — were you shoved in head first so that you fell forward onto the seat, is what I'm asking?
 
 
 14
 A: No. I scraped my forehead against the thing that divides the perps from the police officers.
 
 
 15
 Taken together, Maxwell's deposition answers that she "scraped my forehead against the thing that divides the perps from the police officers" and that she was "shoved" are entirely consistent with her later allegation that the officer propelled her into the car's partition. Her "I don't know response" to the first question, when taken in context with the other statements, does not unambiguously establish that she did not remember how she injured her forehead. And her "No" answer to the second question can reasonably be understood to deny only the part of the question that asked whether she was "shoved in head first so that you fell forward onto the seat." Her claim was that the head-first shove caused her to strike her head against the partition, not to fall forward onto the seat. At worst, the deposition answers left an ambiguity that the later declaration clarified. See Langman Fabrics v. Graff Californiawear, Inc., 160 F.3d 106, 112 (2d Cir.1998) ("If there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because of an earlier account that was ambiguous, confusing, or simply incomplete."). Furthermore, Nasi submitted a declaration stating that "Mannuzza violently shoved Maxwell head first into the police car. Maxwell's head struck a hard surface of the car as a result of Mannuzza's violent conduct. I heard Maxwell cry out in pain." Nasi Decl. ¶ 15.
 
 
 16
 The Court also expressed the view that Maxwell's injury was insufficiently serious: "That Maxwell allegedly scraped her head when being shoved into the car is not sufficient for any reasonable jury to find an excessive force claim in this case — minor scrapes, bumps or bruises potentially could occur, often unintended, during any arrest, and an arresting officer can not be held unremittingly liable for every such incident." Maxwell, 272 F.Supp.2d at 298. However, her complaint alleges that Mannuzza's use of force in making the arrest was sufficient to send pain into her arm and lower back and leave her with a post-concussive syndrome. In light of Robison, we think a jury should assess Maxwell's account of what occurred during her arrest, along with any conflicting evidence the Defendants-Appellants present.
 
 Conclusion
 
 17
 The summary judgment is vacated only to the extent that it rejected the claim of excessive force, which we remand for further proceedings.