13-1575
*Bennett v. Britton, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 20th day of April, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                           *Chief Judge*,
                  ROSEMARY S. POOLER,
                  SUSAN L. CARNEY,
                           *Circuit Judges*.

_____

PATRICK BENNETT,

                  *Plaintiff-Appellant*,

                  v.                                                    No. 13-1575-cv

SGT. WALTER BRITTON, REGINA DIZINNO,

                  *Defendants-Appellees,*

TOWN OF SOUTHAMPTON, P.O. JOHN BERINI, P.O.
WILLIAM KIERNAN, SUSANNE PARKIN, P.O. CARL
SCHOTTENHAMEL,

                  *Defendants*.[*]

_____

_____

[*] The Clerk of Court is directed to amend the caption. These defendants were dismissed by stipulation below, so, because no appeal may be taken against them, they are not appellees. The list of defendants and their ordering we take from the operative pleading, *see* Am. Compl., *Bennett v. Town of Southampton*, No. 11-cv-573, ECF No. 18 (E.D.N.Y. filed July 28, 2011).

For Plaintiff-Appellant:         SUSAN KAPLAN, New York, NY (oral argument only), Patrick
                                 Bennett, pro se, Southampton, NY (briefing).

For Defendants-Appellees:        ANNE C. LEAHEY, Devitt Spellman Barrett, LLP, Smithtown,
                                 NY.

Appeal from the United States District Court for the Eastern District of New York (Wexler, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Patrick Bennett appeals from a March 21, 2013 judgment following a jury trial. During the trial, the district court granted judgment as a matter of law in favor of Sergeant Britton on Bennett's excessive-force claim, and then the jury returned a verdict in favor of Regina Dizinno on Bennett's claim that she was deliberately indifferent to his medical needs. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

First, Bennett argues that the district court erred in granting Sergeant Britton's motion for judgment as a matter of law. We review de novo a district court's grant of a motion for judgment as a matter of law, "apply[ing] the same standard used by the district court below." *See Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2004). That standard is provided by Rule 50 of the Federal Rules of Civil Procedure, which permits a district court to grant such a motion if the nonmovant fails to adduce "a legally sufficient evidentiary basis" for its claims. Fed. R. Civ. P. 50(a)(1). "A district court should not grant judgment as a matter of law unless the evidence, viewed in the light most favorable to the nonmoving party, is insufficient to permit a juror to find in his favor." *Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007). A claim under 42 U.S.C. § 1983 that a law enforcement officer used excessive force on a suspect before arraignment is "analyzed under the

2

Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Powell v. Gardner*, 891 F.2d 1039, 1043–44 (2d Cir. 1989). "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is objectively unreasonable 'in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' " *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (quoting *Graham*, 490 U.S. at 397).

At trial, the jury heard two different versions of how Bennett's femur was fractured, both featuring force deployed by a law enforcement officer. The first version comes from Bennett's testimony that, to the best of his spotty recollection, he was injured by an unidentified blond police officer who delivered a surprise kick to Bennett from behind at the site of his arrest. *See* Trial Tr. 49:14–50:6. The second version is that Bennett was injured at the police station when, as several law enforcement officers including Sergeant Britton testified, Sergeant Britton delivered a knee strike to Bennett's common peroneal nerve. This second version had more evidentiary support. Bennett's treating physician testified that it would be extremely difficult for Bennett to walk with a fractured femur, yet both arresting officers testified that Bennett was able to walk to their vehicle following his arrest. But after Sergeant Britton's knee strike, according to one officer's testimony, Bennett was yelling in pain and had to be carried to his cell. Deciding between the two versions was a job for the jury that it did not get to do.

The district court, in granting Sergeant Britton's Rule 50 motion, apparently sought to hold Bennett's theory of the case to Bennett's own testimony, explaining that "plaintiff's attorney opened up saying that the incident occurred in the jail itself, in the Police Department. The plaintiff testified it was outside the building. He further testified that there was a tall, white, blond-haired guy who hit him. There was no blond-haired guy there." Trial Tr. 294:25–295:4.

But the jury would have been free to draw on all of the testimony and evidence, including those introduced by the defense, to come its own factual conclusions. Relying on the trial testimony, a reasonable jury could have concluded that Bennett's injury was caused by Sergeant Britton's knee strike at the police station or by a kick from an unidentified blond officer at the arrest site. We respectfully conclude that the district court's justification for granting judgment as a matter of law—holding Bennett to his testimony and making a factual finding that it was inaccurate— was erroneous. Factual findings, such as where and how an injury occurred, are for juries.

We nevertheless affirm the district court's grant of Sergeant Britton's Rule 50 motion because it would have been legally impossible for Bennett to recover under either factual finding. Under the first version, as testified to by Bennett, Bennett failed to identify the blond officer at the arrest site. It was undisputed that Sergeant Britton—the only (possibly) blond defendant in law enforcement—was never at the arrest site, so even if the jury found that Bennett was injured at the site of his arrest, there was no named defendant personally involved in that injury from whom Bennett could recover. *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). Under the second version, the trial evidence concerning the circumstances in which Sergeant Britton delivered the knee strike was undisputed because Bennett testified that he recalled nothing between the time of his arrest and the time he awoke in pain the next morning in a holding cell. But Officer Schottenhamel and Sergeant Britton both testified that, when Officer Schottenhamel directed Bennett to remove his belt at the police station, he did so but then menacingly swung the belt at Officer Schottenhamel. Sergeant Britton testified that he responded to the threat to Officer Schottenhamel by performing the common peroneal nerve strike to

4

Bennett's thigh to incapacitate him, and that this was a common maneuver that rarely causes injury; others testified to the same effect. Bennett points to no evidence controverting the officers' testimony or suggesting that the officers were not credible as to these points, and a comprehensive review of the trial transcript reveals no such evidence or suggestion.

There is therefore no evidence in the record disputing that Sergeant Britton's knee strike was an objectively reasonable and proportionate response to Bennett's violent behavior. *See Sullivan v. Gagnier*, 225 F.3d 161, 165–66 (2d Cir. 2000) (per curiam) ("The fact that a person whom a police officer attempts to arrest resists, threatens, or assaults the officer no doubt justifies the officer's use of *some* degree of force, but . . . [t]he force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer."). Because, on this record, "no reasonable factfinder could conclude that [his] conduct was objectively unreasonable," *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004), judgment as a matter of law in favor of Sergeant Britton was warranted, *see Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998) (judgment as a matter of law is appropriate where "there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it" (internal quotation marks and alterations omitted)).

Second, Bennett argues that it was improper for the district court to preclude him on redirect from inquiring of his treating physician, Dr. Nicholas Divaris, whether the type of injury that Bennett suffered would become dangerous if left untreated. "The scope of redirect examination is a matter entrusted to a trial judge's broad discretion," *United States v. Diaz*, 176 F.3d 52, 80 (2d Cir. 1999), including whether topics explored for the first time on redirect should

5

be "excluded as beyond the scope of cross-examination," *Wilcox v. Moore-McCormack Lines, Inc.*, 375 F.2d 744, 745 (2d Cir. 1967). Here, on cross-examination, the defendants asked Dr. Divaris about Bennett's surgery, recovery, medical history, and personal habits; they also inquired about several studies about the effects of alcohol and tobacco on bone density and recovery. Yet on redirect, Bennett sought, for the first time, to elicit testimony about whether "the type of injury" he suffered would "become dangerous if . . . left untreated." Trial Tr. 113:12-13. This question plainly went beyond the scope of the defendants' cross-examination and violated the court's cautionary instruction at the beginning of redirect. Accordingly, the district court was well within its broad discretion to prevent the doctor from answering the question.

Third, Bennett contends that the district court erred by instructing the jury during Bennett's rebuttal summation that "the only defendant [in the case] is Regina Dizinno and not the Town of Southampton. . . . [S]he is responsible if there is a judgment." Trial Tr. 335:13-16. Bennett did not object to this instruction at the time it was made, so our review is limited to plain error. *See Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005). We conclude that the district court's instruction was not plainly erroneous because the statement that Dizinno would be "responsible" for any judgment is legally correct. With the Town dismissed from the action and without any evidence that Dizinno acted pursuant to an official policy or custom, Bennett could not proceed on any claim against Dizinno in her official capacity, so a judgment against her "could not result in a judgment against the [Town]." *Lore v. City of Syracuse*, 670 F.3d 127, 168 (2d Cir. 2012). Bennett misplaces reliance on *Mathie v. Fries*, 121 F.3d 808, 815–16 (2d Cir. 1997), which arose in the very different circumstance of a defendant challenging an award of punitive damages as excessive.

6

We have considered all of Bennett's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK