23-7448-cv
*Purcell v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand twenty-four.

PRESENT:
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.**

_____

ROXANNE PURCELL, Estate of Garland Tyree Jr.,

> *Plaintiff-Appellant*,

K.A.B. Jr.,

> *Plaintiff*,

> v.                                                     No. 23-7448-cv

_____

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

CITY OF NEW YORK; SGT. ANTHONY LISI, Shield #4584; DET. SHAWN MCLAUGHLIN, Shield #7640; DET. ROBERT REED, Shield #4272; DET. MATTHEW GRANAHAN, Shield #4480; DET. ROBERT SCHIERENBECK, Shield #7814; DET. NOAH MOLINA, Shield #4247; DET. RICHARD COLANGELO, Shield #1228,

*Defendants-Appellees*,

COLLEEN KAVANAGH, Assistant United States Attorney; BUREAU OF ALCOHOL, TOBACCO, FIREARMS EXPLOSIVE; JAMES HAYES, Lt. Fire Department of N.Y. Engine 158; DENNIS CAVALLI; NICOLA ZUILL; FLORANA PERSECHINO,

*Defendants*.[**]

_____

FOR PLAINTIFF-APPELLANT:        Roxanne Purcell, proceeding *pro se*, Newark, DE.

FOR DEFENDANTS-APPELLEES:        MacKenzie Fillow, Amy McCamphill, of Counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from the September 29, 2023, judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

_____

[**] The Clerk's Office is directed to amend the caption as reflected above.

2

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Appellant Roxanne Purcell, acting as administrator of her deceased son Garland Tyree, Jr.'s ("Tyree") estate,[1] sued the City of New York, New York Police Department officers, and others, alleging that they violated Tyree's constitutional rights when they shot him during an August 14, 2015, standoff outside his apartment, causing his death.[2]

After substantial discovery, the District Court granted the defendants' motion for summary judgment on all claims. *See Purcell ex rel. Est. of Tyree v. City of New York*, No. 1:18CV03979(PKC), 2023 WL 6307735 (E.D.N.Y. Sept. 28, 2023). Purcell appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*. *See Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). Summary judgment is appropriate when, after construing the evidence in the light most favorable to the opposing party and drawing all reasonable inferences in the opposing party's favor, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See Hayes v.*

---

[1] Purcell was permitted to represent her son's estate without counsel, having demonstrated that the estate had no other beneficiaries or creditors. *See Purcell ex rel. Est. of Tyree v. City of New York*, No. 18CV03979(PKC), 2020 WL 2559796, at *5-6 (E.D.N.Y. May 19, 2020).

[2] This appeal proceeds only against the City of New York and the Police Department defendants, and we discuss herein the merits of only the constitutional excessive force claim. Purcell also asserted claims under 18 U.S.C. §1519 and various other constitutional provisions, but those claims fail for the reasons set forth by the District Court.

*Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020). "Conclusory allegations, conjecture, and speculation, as well as the existence of a mere scintilla of evidence in support of the nonmoving party's position, are insufficient to create a genuinely disputed fact." *Id.* at 267-68 (citation and quotation marks omitted). Because Purcell proceeds without counsel, we construe her submissions liberally, "reading such submissions to raise the strongest arguments they suggest." *Kravitz*, 87 F.4th at 119 (citation and quotation marks omitted).

Purcell has suffered a tragic loss. But upon independent, *de novo* review of the summary judgment record and the briefs on appeal, we agree with the District Court's conclusion: "The evidence put forth by Defendants establishes that their lethal use of force against Tyree on August 14, 2015, though tragic, was not excessive." *Purcell*, 2023 WL 6307735, at *9. We therefore affirm the District Court's judgment for substantially the reasons set forth in its opinion.

The District Court properly construed the complaint "as alleging a claim for excessive force under the Fourth and Fourteenth Amendments," pursuant to 42 U.S.C. §1983.[3] *Purcell*, 2023 WL 6307735, at *8. "Police officers' application of force is

---

[3] Purcell named different defendants in her Second Amended Complaint – the operative complaint at the time summary judgment was briefed and entered – than she named in her original complaint. However, the District Court failed to acknowledge this change, and never addressed many of the newly-added defendants. Indeed, most of the additional defendants were never even added to the docket. That was error. But Purcell does not make any argument about this issue on appeal, and thus, it is forfeited. *See, e.g.*, *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are [forfeited]."). In any event, Purcell made no factual allegations against these

excessive, in violation of the Fourth Amendment, if it is objectively unreasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (citation and quotation marks omitted). "The reasonableness of the use of force is evaluated under an objective inquiry that pays careful attention to the facts and circumstances of each particular case. And the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Cnty. of Los Angeles v. Mendez*, 581 U.S. 420, 428 (2017) (citation and quotation marks omitted). Deadly force is objectively reasonable only where "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Nimely v. City of New York*, 414 F.3d 381, 390 (2d Cir. 2005) (citation and quotation marks omitted).

The record reflects that Tyree was shot by police officers after a protracted armed standoff during which Tyree fired several shots and wounded a New York firefighter; officers on the scene were able to observe Tyree (by video feed) in his apartment "with an AK-47-style rifle and a bulletproof vest." *Purcell*, 2023 WL 6307735, at *5. Purcell disputes this evidence – contending, for instance, that Tyree was unarmed and did not fire any shots – but she points to no evidence in the record to support her position. Indeed, the record reflects, and Purcell admits in her appellate brief, that the officers were the

---

defendants in the Second Amended Complaint and asserted no factual claims against them in her summary judgment papers.

only witnesses, other than Tyree, to the fatal shooting; in so doing, she concedes that her own assertions about the event are not based on personal knowledge. By contrast, the defendants' version of events is supported by, among other things, deposition testimony of multiple officers present at the scene and photographs suggesting that Tyree fired an AK-47-style rifle in the direction of officers prior to their use of deadly force. On this record, there is no genuine dispute of material fact regarding the reasonableness of force used by the officers.

We have carefully considered the remaining arguments raised by Purcell and conclude they do not provide grounds for reversal. Accordingly, we **AFFIRM** the judgment of the District Court. Purcell's motion to vacate that judgment is **DENIED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court