■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRYANT, Appellant. [604 NYS2d 603] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Rienzi, J.), rendered July 2, 1991, convicting him of resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A conviction for resisting arrest requires that the People establish, *inter alia,* that the arrest was authorized *(see,* Penal Law § 205.30; *People v Parker,* 33 NY2d 669). The defendant's claims that he was illegally seized and that his arrest was not based on probable cause are not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, the evidence was sufficient to establish that the police acted properly in pursuing the defendant, after they heard a woman scream for the police, and saw the defendant, who was holding a woman's bag, flee from the site of the scream *(see, People v Bigelow,* 66 NY2d 417, 423; *see also, People v Brown,* 173 AD2d 629). In addition, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]). Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN BUMFORD, Appellant. [606 NYS2d 994] —Appeal by the defendant, as limited by his motion, from four sentences of the Supreme Court, Queens County (Clabby, J.), all imposed August 12, 1991.

Ordered that the sentences are affirmed.

We find that the defendant's purported waiver of his right to appeal his sentences was not valid *(see, People v DeSimone,* 80 NY2d 273, 282-283).

We have examined the defendant's contention that the sentences were excessive and find it to be without merit *(see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Sullivan, Lawrence, Ritter and Copertino, JJ., concur.