Eugene K. SULLIVAN and Thedis Beverly Sullivan, Plaintiffs–Appellants,

v.

Officer Damon C. GAGNIER and Town of DeWitt, New York, Defendants–Appellees.

No. 99–7207.

United States Court of Appeals, Second Circuit.

Argued: June 30, 2000

Decided: Aug. 21, 2000

Eugene K. Sullivan, pro se, East Syracuse, N.Y., for Plaintiffs–Appellants.

Eugene Welch, Harris, Chesworth & O'Brien, Rochester, N.Y., for Defendants–Appellees.

Before: LEVAL, PARKER and KATZMANN, Circuit Judges.

PER CURIAM.

Plaintiff Eugene K. Sullivan ("Sullivan") appeals, *pro se*, from a jury verdict in favor of defendants Officer Damon C. Gag-

nier ("Officer Gagnier") and the Town of DeWitt, New York ("DeWitt") in the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge* ). Following a three-day trial in December 1998, the jury found that no cause of action existed with respect to Sullivan's excessive force claim pursuant to 42 U.S.C. § 1983. Sullivan, who was represented by counsel below, made a one-sentence motion to set aside the verdict, which the district court construed as one seeking a new trial under Rule 59 of the Federal Rules of Civil Procedure and denied for both procedural and substantive reasons. A timely notice of appeal was filed with respect to the final civil judgment denying Sullivan any relief and the memorandum decision and order dismissing the motion for a new trial.

The facts of this case are somewhat unclear, and the parties offer conflicting accounts of the encounter in January 1996 between Sullivan and Officer Gagnier from which this lawsuit arises. In brief, Officer Gagnier arrived at Sullivan's home in response to a complaint about snow on the road in front of the home. One of Sullivan's twin great granddaughters, then 8–years old, opened the door, and Officer Gagnier entered the premises after conversing with Thedis Beverly Sullivan, Eugene Sullivan's wife.[1] Officer Gagnier then proceeded to the kitchen, where Sullivan was, and an argument arose between them. Sullivan refused to remove the snow from the road in front of his home, and when Officer Gagnier stated that he would have to issue a traffic ticket, a physical altercation ensued, the circumstances of which the parties dispute. In any event, it appears that at some point punches were thrown by Sullivan against Officer Gagnier, and that Officer Gagnier used pepper spray against Sullivan. Officer Gagnier claims that when he then drew

---

1. The parties dispute whether Officer Gagnier was ever invited to enter the Sullivan home, and whether his entry was legal. The parties stipulated below, however, that the entry by Officer Gagnier was previously ruled a lawful entry in a pretrial suppression motion, following a hearing, in the course of the criminal prosecution against Sullivan in the Town of DeWitt Justice Court.

his baton, Sullivan reached towards the kitchen counter and grabbed the handle of a knife, an allegation that Sullivan disputes. Officer Gagnier then stated that he would have to shoot if Sullivan attacked him with the knife, and another struggle ensued, following which a second police officer, Deputy Alissa Verzino, entered the house and assisted in restraining and handcuffing Sullivan. Sullivan was then taken out of the house by Officer Gagnier, Deputy Verzino and a third police officer, and Sullivan claims that his head was repeatedly banged against the police car. Sullivan was searched, his belongings were removed from his pockets, and he was placed in the back seat of the police car. Sullivan complained about having difficulty breathing, and later fell over in the seat. He was taken to the Veteran's Administration Hospital by ambulance, and was subsequently released after a few hours.

Sullivan was charged, under New York State law, with harassment in the second degree for striking Officer Gagnier, and with resisting arrest, pursuant to N.Y. Penal Law §§ 240.26(1) and 205.30 respectively. The parties have stipulated below that in June 1996, Sullivan was found guilty by a jury of both charges in the Town of DeWitt Justice Court, and that his convictions were subsequently affirmed on appeal. Sullivan then commenced this § 1983 suit in April 1997,[2] raising a number of claims including the use of excessive

and unreasonable force in violation of the Fourth Amendment.[3]

Sullivan's primary argument on appeal is that the district court erred in taking the view that Sullivan's prior convictions for striking Officer Gagnier and resisting arrest precluded holding Gagnier liable for use of excessive force prior to his handcuffing of Sullivan. Pursuant to this view, the court charged the jury as follows:

> For purposes of the plaintiff's excessive force claim here, you are to consider only those events that occurred after the plaintiff was handcuffed.

Plaintiff contends, furthermore, that the court improperly excluded evidence of Officer Gagnier's use of excessive force that occurred prior to his handcuffing plaintiff.

■ In reaching the conclusion that Sullivan's prior convictions precluded him from imposing liability on Officer Gagnier for use of excessive force prior to Sullivan's arrest, the district court relied in part on two district court cases, *Caridi v. Forte*, 967 F.Supp. 97, 100 (S.D.N.Y.1997) (holding that resisting arrest conviction has issue preclusive effect upon excessive force claim), and *Pastre v. Weber*, 717 F.Supp. 987 (S.D.N.Y.1988) (holding that conviction of plaintiff for resisting arrest precluded plaintiff's claim that officer used excessive force during the period in which plaintiff was resisting arrest) and 717 F.Supp. 992 (S.D.N.Y.1989), *aff'd*, 907 F.2d 144 (2d Cir.1990) (table).[4] We disagree

2. Although Thedis Beverly Sullivan was also a plaintiff below, the district court dismissed her from the case prior to trial on the basis that no viable cause of action remained on her behalf, and the plaintiffs do not dispute this dismissal on appeal. Further, the district court granted the Town of DeWitt's motion for a directed verdict at the close of the Sullivans' case and dismissed the claims against the Town, as the Sullivans had failed to introduce any evidence to support a cause of action against the Town of DeWitt. Again, Sullivan does not raise this issue on appeal.

3. The other claims raised by the Sullivans were dismissed prior to trial, and the Sullivans' counsel below acknowledged that exces-

sive force was the only viable cause of action at issue.

4. Both the court below and *Caridi* cited this Court's unpublished summary disposition in *Pastre v. Weber*, 907 F.2d 144 (2d Cir.1990) (table), as establishing that a prior criminal conviction for resisting arrest precludes an excessive force claim. This citation is inappropriate for several reasons. First, as the *Pastre* summary order clearly stated, such summary orders of this Court are not to be relied on as authority. *See* 2d Cir. R. § 0.23. Second, the appeal was by the defendant seeking to overturn liability imposed on him for use of excessive force. The Court of Appeals affirmed. There was no appeal by the plaintiff from the district court's earlier ruling

with the precedents on which the district court relied, and believe the court erred to the extent that it adopted the view that plaintiff's convictions necessarily precluded a claim that Gagnier used excessive force prior to placing Sullivan in handcuffs.

■ As our brethren in other Circuits have squarely held, the jury's return of a guilty verdict in state court for resisting arrest and/or other offenses such as assault on a police officer does not necessarily preclude a subsequent claim of excessive force in federal court. *See, e.g., Donovan v. Thames*, 105 F.3d 291, 295 (6th Cir.1997) (holding that excessive force claim was not precluded "[b]ecause the issue of the officer's use of excessive force was not essential to the conviction for resisting arrest and because [the court had] no evidence that the issue of excessive force was actually litigated in the state-court criminal proceeding"); *Kane v. Hargis*, 987 F.2d 1005, 1008 (4th Cir.1993) (*per curiam*) (holding that conviction for resisting arrest did not collaterally estop arrestee from recovering for use of excessive force); *Vazquez v. Metropolitan Dade County*, 968 F.2d 1101, 1108 (11th Cir.1992) ("Vazquez's conviction for culpable negligence and the jury's rejection of Vazquez's justification defense does not necessarily foreclose the conclusion that the police used excessive force against him . . ."); *Courtney v. Reeves*, 635 F.2d 326, 329 (5th Cir.1981) (*per curiam*) (holding although plaintiff previously admitted to assaulting police officer when ·pleading guilty in Texas state court to charges of aggravated robbery, this "does not negate the possibility" that the officer used excessive force); *Ridley v. Leavitt*, 631 F.2d 358, 359 (4th Cir.1980) (*per curiam*) (holding that prisoner found guilty of assaulting jailors was not barred from bringing excessive force claim); *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937–38 (9th Cir.1980) (holding that prior conviction for resisting arrest in California state court did not collaterally estop excessive force claim); *Williams v. Liberty*, 461 F.2d 325, 327 (7th Cir.1972) ("[T]he jury's return of a guilty verdict against plaintiff on the criminal charge of resisting arrest is not 'necessarily' conclusive as to plaintiff's present claim of excessive force used by the police officers.").

■ A claim that excessive force was used in the course of a seizure is subject to an objective test of reasonableness under the totality of the circumstances, which requires consideration of the specific facts in each case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of others and whether he is actively resisting arrest. *See Graham v. Connor*, 490 U.S. 386, 395–96, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Hemphill v. Schott*, 141 F.3d 412, 416–17 (2d Cir.1998). The mere fact that Sullivan was conclusively shown by his prior convictions to have resisted arrest and harassed Officer Gagnier could not foreclose the possibility that the force used by Gagnier in response to Sullivan's misconduct was excessive. Indeed it is worth noting that the crimes of which Sullivan was convicted do not include either violence, or threats thereof, as essential elements. *See, e.g., People v. Bryant*, 199 A.D.2d 329, 604 N.Y.S.2d 603, 603 (2d Dep't 1993) (holding that evidence against defendant who fled from site of crime and was pursued by police was sufficient to sustain conviction for resisting arrest); *People v. Hare*, 66 Misc.2d 207, 319 N.Y.S.2d 890, 891 (1971) (*per curiam*) (holding that spoken accusation of crime, leveled against police officer in a public place, together with technical battery of placing finger on officer's chest and then reaching for the police officer's pocket was enough to support conviction for harassment in the second degree).

■ The fact that a person whom a police officer attempts to arrest resists,

that the plaintiff was barred by collateral estoppel from asserting use of excessive force prior to a certain moment in the exchange.

Accordingly, the Court of Appeals did not rule on that issue.

threatens, or assaults the officer no doubt justifies the officer's use of *some* degree of force, but it does not give the officer license to use force without limit. The force used by the officer must be reasonably related to the nature of the resistance and the force used, threatened, or reasonably perceived to be threatened, against the officer. It is clear, therefore, that there is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest.

■ A claim of excessive force would not be precluded by the plaintiff's prior convictions for resisting arrest and harassment unless facts actually determined in his criminal conviction that were necessary to the judgment of conviction are incompatible with the claim of excessive force being raised in the subsequent civil suit. In conducting this analysis, a federal court must apply the rules of collateral estoppel of the state in which the prior judgment was rendered, which in this case is New York. *See Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir.1999) (citing, *inter alia*, 28 U.S.C. § 1738 and *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 82–83, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)). Collateral estoppel, or issue preclusion, "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party ... whether or not the tribunals or causes of action are the same." *Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 478 N.Y.S.2d 823, 826, 467 N.E.2d 487 (1984). Any issue of preclusive effect depends on the specific facts and circumstances of each case. Under New York law, this doctrine applies "if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action." *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 690 N.Y.S.2d 478, 482, 712

N.E.2d 647 (1999); *see Burgos v. Hopkins,* 14 F.3d 787, 792–93 (2d Cir.1994).

■ Therefore, whether or not such a claim is precluded depends on the issues that were actually litigated and necessarily decided in the prior proceedings, and may not be determined *a priori.* A lawful arrest may be accompanied by excessive force; thus the mere fact of Sullivan's convictions for harassment and resisting arrest, is not incompatible with his claim for excessive force. The doctrine of collateral estoppel requires a detailed examination of the record in the prior state criminal case, including the pleadings, the evidence submitted and the jury instructions, in order to determine what issues were actually litigated and necessary to support a final judgment on the merits. The burden of proof with respect to whether an issue is identical to one that was raised and necessarily decided in the prior action rests squarely on the party moving for preclusion. *See Parker,* 690 N.Y.S.2d at 482–83, 712 N.E.2d 647.

In this case, none of the records from the prior criminal proceeding in the Town of DeWitt Justice Court were before the district court. Thus, despite the existence of a stipulation attesting to Sullivan's convictions for harassment in the second degree and resisting arrest, it is unclear which of Sullivan's acts formed the basis for his convictions. Indeed, lacking any transcript of the state court proceedings, it is difficult to perceive how such an inquiry could take place in this case. The record placed before us does not clarify what facts were necessarily determined in the proceeding that resulted in Sullivan's conviction, or why those facts are incompatible with his claim that Gagnier responded with unreasonably excessive force.

■ Notwithstanding the district court's view that Sullivan's convictions precluded his claim of excessive force prior to the time he was placed in handcuffs, we find no basis for vacating the judgment. Although the jury was instructed in a man-

ner that restricted consideration of the claim of excessive force to the events subsequent to the handcuffing, Sullivan took no exception to the charge. Indeed, his counsel expressly stated that he was satisfied and had no objections or requests. Accordingly, plaintiff is barred by Rule 51 of the Federal Rules of Civil Procedure from assigning that instruction as error. "Ordinarily, ... an error in a jury charge will not be considered on appeal unless a timely objection was made at trial, stating the nature of, and the grounds for, the objection." *Air et Chaleur, S.A. v. Janeway,* 757 F.2d 489, 493 (2d Cir.1985). While this Court may nevertheless review a jury charge absent timely objection where there is plain error resulting in a miscarriage of justice, or where there is an obvious instance of misapplied law, neither circumstance exists here. *See Air et Chaleur,* 757 F.2d at 494.

■ As for plaintiff's claim that the court wrongfully excluded evidence of Gagnier's actions prior to the handcuffing, it is not clear any such evidence would have been relevant given Sullivan's agreement to the jury charge restricting the jury's consideration to the post-handcuffing events. In any event, Sullivan fails to demonstrate that any evidence he proffered was in fact excluded solely because it related to pre-handcuffing events—i.e., that it would not have been excluded on other grounds as well. Sullivan himself testified extensively to the events prior to his handcuffing. Although the testimony of his great granddaughters was excluded, that exclusion was based on numerous grounds. The great granddaughters' testimony would therefore not have been received even if the court had not decided to restrict the jury's consideration of excessive force to the post-handcuffing events. As plaintiff consented to the jury instructions he now challenges, and points to no evidence that would have been received but for the district court's view of the preclusion issue, we find no basis for directing a new trial.

We have considered all of Sullivan's other arguments, and find them to be without merit.

## CONCLUSION

The judgment of the district court is affirmed.