*Szabo v. City of New York*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty.

PRESENT:
> RICHARD C. WESLEY,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

Jessica Szabo, AKA Jessica C. Graham,

> *Plaintiff-Appellee*,

> v.                                                            No. 19-598

P.O. Dia Cascone, Shield #18972 at the
120th Pct.,

> *Defendant-Appellant,*

City of New York, State of New York, New
York City Department of Correction,
Janele Hyer-Spencer, Sgt. Linda Sills,
Court Officer Mary Valley, Sgt. James
Wilson, Shield #4677 at the 8th Pct., P.O
Vincent Palmer, Shield #13556, P.O
William Kulik, Shield #23965, P.O. Cara
Gambardella, Shield #01915 at the 120th
Pct., Court Officer Stephanie
Parascandolo, P.O. Elisa Ranieri, Shield

**#10822 at the 120th Pct., P.O. Tyeaste DeGroat, NYCPD Detective Bureau, Police Officer Tarell Winfield, Shield #20038,**

*Defendants.*

FOR PLAINTIFF-APPELLEE:         Jessica Szabo, pro se, Staten Island, NY.

FOR DEFENDANT-APPELLANT:         Elina Druker, Richard Dearing, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

New York City Police Department ("NYPD") Officer Dia Cascone appeals from the district court's denial of her motion for summary judgment based on her qualified immunity defense. Cascone is a defendant in a suit brought by Jessica Szabo, proceeding pro se on a claim alleged under 42 U.S.C. § 1983 for use of excessive force. (Cascone is one of several defendants in the ongoing district court action, but the only defendant-appellant.) In her complaint, Szabo contends that Cascone used excessive force by dragging her 30 feet to her cell while she was handcuffed and not resisting, and then shoving her into her cell, causing Szabo to strike her head. Cascone responds that Szabo's state-court guilty plea to assault and conviction under New York Penal Law § 120.05(3), allegedly arising from the same interaction, precludes Szabo from asserting in the district court action that Szabo was not resisting when the incident occurred. Cascone argues that the preclusive effect of the conviction requires a finding that Cascone's actions were objectively reasonable as a matter of clearly established law.

The district court rejected Cascone's preclusion argument, ruling that any preclusive effect properly accorded to Szabo's guilty plea did not resolve all disputes of material fact. The threshold question on appeal is whether this Court has jurisdiction to consider this matter. The answer to that question, in turn, hinges on whether Cascone's arguments concerning the preclusive effect of Szabo's guilty plea present solely an issue of law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as need to explain our decision to dismiss.

*Jurisdiction: Legal Principles*

To exercise jurisdiction over an interlocutory appeal, the resolution of the issues presented (here, the preclusive effect of a state criminal conviction) must turn on a pure question of law. An interlocutory order that denies qualified immunity may be immediately appealed under the collateral order doctrine only where the decision turns solely on a question of law. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). A district court's "mere assertion that disputed factual issues existed" is not "enough to preclude an immediate appeal," however. *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996). Even where the district court has made such an assertion, an immediate appeal may be had where "the defendant can support an immunity defense on stipulated facts, facts accepted for purposes of the appeal, or the plaintiff's version of the facts that the district judge deemed available for jury resolution." *Id.* at 90; *accord Lynch v. Ackley*, 811 F.3d 569, 576 (2d Cir. 2016).

This Court has previously reviewed a collateral estoppel argument on an interlocutory

3

appeal from the denial of qualified immunity where "there [were] no questions of fact to be determined with respect to the collateral estoppel argument." *Golino v. City of New Haven*, 950 F.2d 864, 868 (2d Cir. 1991). A federal court must apply the collateral estoppel rules of the state that rendered the prior judgment, here New York. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New York law, a "criminal conviction may be given collateral estoppel effect in a subsequent civil litigation if there is an identity of issues and a full and fair opportunity to litigate in the first action." *Hooks v. Middlebrooks*, 99 A.D.2d 663, 663 (4th Dep't 1984); *see also LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002) (outlining collateral estoppel requirements under New York law). Collateral estoppel applies only "'if the issue in the second action [was] . . . necessarily decided and material in the first action[.]'" *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000) (per curiam) (quoting *Parker v. Blauvelt Volunteer Fire Co.*, 93 N.Y.2d 343, 349 (1999)). Application of the collateral estoppel doctrine "requires a detailed examination of the record in the prior state criminal case . . . [and] [t]he burden of proof with respect to whether an issue is identical to one that was raised and necessarily decided in the prior action rests squarely on the party moving for preclusion." *Id.*

*Jurisdiction: Application*

Our jurisdiction over this appeal thus turns on whether Cascone's arguments regarding the preclusive effect of Szabo's guilty plea to the state assault charge present a pure question of law. The question before us, according to Cascone, is whether it was "clearly established whether an officer could forcefully push a pre-trial detainee into her cell, *where the detainee assaulted the officer to prevent being placed in the cell.*" Appellant's Reply Br. 5 (emphasis added). If the preclusive effect of Szabo's plea made it indisputable that Szabo was resisting when she was

4

pushed into her cell (regardless of Szabo's contrary testimony), this appeal would present a pure legal question, and we would have jurisdiction. If the record reveals unresolved factual issues concerning to what charges Szabo pleaded guilty and what arguments are now foreclosed to her, however, then we would not have jurisdiction.

Cascone asserts that "Szabo admitted—and cannot now contest—that she caused Cascone a physical injury with intent to interfere with [Cascone's] performance of her lawful duties." Appellant's Br. 16. Cascone contends that Szabo's assault on her could only have occurred *before* Szabo was placed in her cell, because none of the accounts of the incident described any act occurring *after* her placement in the cell that would qualify as an assault under New York law. Relying on the preclusive effect of the conviction to establish that Szabo was resisting when Cascone shoved her, Cascone asserts both that her actions in shoving Szabo were objectively reasonable and that no clear precedent established at the time that shoving a resisting detainee into a cell violated a clearly established right.

Unlike in *Golino*, however, the record on appeal of the New York criminal case does not resolve the material questions of fact in the current action. In *Golino*, we held that no questions of fact remained to be determined with respect to the collateral estoppel argument asserted there because the parties did not dispute which issues were before the state court or which issues were necessarily decided by that court. 950 F.2d at 868. Here, by contrast, genuine and material factual questions remain as to what issues were before the state court and were necessarily decided by the state court plea.

Cascone bore the burden of using the New York criminal case record evidence to resolve factual questions as she sought summary judgment in her favor. *Id.* She has not carried that burden.

5

The defendants produced neither a plea agreement nor the plea allocution for consideration by the district court in connection with the motion. The only available document from the New York criminal proceedings was the criminal complaint, and that document described the assault as having occurred while Cascone sought to *remove* Szabo from her cell to transport her to court—a version of events contradicting *both* sides' narratives. Without more, it is impossible to perceive what issues were "necessarily decided" in the criminal proceedings, making it "difficult to perceive how such an inquiry could take place in this case." *Sullivan*, 225 F.3d at 166.

In such circumstances, "questions of fact [remain] to be determined with respect to the collateral estoppel argument" on which this appeal hinges. *Golino*, 950 F.2d at 868. Cascone's appeal attempts to proceed as if those questions did not remain. For these reasons, the collateral order doctrine does not apply, and we cannot exercise jurisdiction over this interlocutory appeal.

Accordingly, we **DISMISS** the appeal for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court