19-1693-cv
Concepcion v. New York City Department of Education

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
                    *Circuit Judges*,
          JED S. RAKOFF,
                    *Judge.**
------------------------------------------------------------------

TINA R. CONCEPCION,
RAYMOND CONCEPCION,

    *Plaintiffs-Appellants*,

    v.                                                19-1693-cv

NEW YORK CITY DEPARTMENT OF
EDUCATION, CITY OF NEW YORK, SCHOOL
SAFETY AGENT BARRIOS, SCHOOL SAFETY
AGENT RUPERTO, ASSISTANT PRINCIPAL

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

JOSEPH BURBANO, PRINCIPAL AURELIA CURTIS, DEAN TROY MCGHIE,

*Defendants-Appellees*.**

-----------------------------------------------------------------

| | |
|---|---|
| FOR PLAINTIFFS-APPELLANTS: | KRISTIAN KARL LARSEN, Larsen Advocates, P.C. (Kenneth Foard McCallion, McCallion & Associates LLP, *on the brief*), New York, NY. |
| FOR DEFENDANTS-APPELLEES: | ANTONELLA KARLIN (Devin Slack, Ingrid R. Gustafson, Of Counsel, *on the brief*), *on behalf of* James E. Johnson, Corporation Counsel of the City of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and REMANDED in part and AFFIRMED in part.

Plaintiffs-Appellants Raymond Concepcion ("Concepcion") and his

---

** The Clerk of Court is directed to amend the official caption to conform with the above caption.

2

mother Tina R. Concepcion appeal from the May 7, 2019 judgment of the District Court (Donnelly, J.) granting summary judgment in favor of the Defendants-Appellees on his § 1983 false arrest and excessive force claims. Both claims arise from Concepcion's arrest by school safety agents ("SSAs") while he was a high school student, after he resisted their attempts to take him to the office of high school dean Troy McGhie. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

1. <u>False Arrest</u>

"[S]ummary judgment dismissing a plaintiff's false arrest claim is appropriate if the undisputed facts indicate that the arresting officer's probable cause determination was objectively reasonable." <u>Jenkins v. City of New York</u>, 478 F.3d 76, 88 (2d Cir. 2007). "Probable cause exists when one has knowledge of . . . facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." <u>Williams v. Town of Greenburgh</u>, 535 F.3d 71, 79 (2d

3

Cir. 2008) (quotation marks omitted).

In dismissing Conception's claim of false arrest based on the summary judgment record, the District Court concluded that the SSAs who arrested Concepcion had probable cause to arrest him for disorderly conduct because he resisted their efforts to take him to the dean's office. On appeal, Concepcion argues that this conclusion was in error.

We may affirm on any ground supported by the record, even if it differs from that relied upon by the District Court. See United States v. Parnell, 959 F.3d 537, 540 n.4 (2d Cir. 2020). We need not decide whether, as the District Court determined, the SSAs had probable cause to arrest Concepcion for disorderly conduct. Instead, on this record, we conclude that the SSAs had probable cause to arrest Concepcion for obstruction of governmental administration under New York Penal Law § 195.05. "A person is guilty of obstructing governmental administration when he . . . prevents or attempts to prevent a public servant from performing an official function, by means of . . . physical force or interference . . . ." N.Y. Penal Law § 195.05. There is no genuine dispute that Concepcion physically resisted the SSA's initial efforts to take him to the dean's

office, in violation of § 195.05. See In re Joe R., 843 N.Y.S.2d 58, 59 (1st Dep't 2007) (upholding a conviction for obstructing governmental administration where an SSA "attempted to bring appellant to the principal's office" and "he refused to comply and physically struggled with the agent, causing her to fall and hit her head on the floor"). The evidence regarding whether Concepcion intended to obstruct governmental administration "by means of intimidation, physical force or interference," N.Y. Penal Law § 195.05, is equivocal but a reasonable officer might have concluded that this was Concepcion's intent. For these reasons, we affirm the District Court's dismissal of Concepcion's false arrest claim.

2. Excessive Force

"[G]ranting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 123 (2d Cir. 2004). Determining whether the officials here used excessive force in the course of this arrest is an "inquiry [that] is necessarily case and fact specific." Tracy v. Freshwater, 623 F.3d 90, 96 (2d Cir. 2010). Here,

5

two SSAs tackled Concepcion with such force that he suffered a concussion, and at least four SSAs and Assistant Principal Joseph Burbano pinned Concepcion to the ground by holding his legs and keeping a knee on his head.

The District Court concluded that because "Concepcion's repeated refusal to comply with legitimate orders . . . led to the struggle in the hallway," the SSAs' use of force was not excessive as a matter of law. App'x at 291. But "[t]he fact that a person whom a police officer attempts to arrest resists . . . no doubt justifies the officer's use of <u>some</u> degree of force, but it does not give the officer license to use force without limit." Sullivan v. Gagnier, 225 F.3d 161, 165–66 (2d Cir. 2000). Furthermore, whether the plaintiff resisted arrest is only one of the three factors that we have identified as relevant to the analysis relating to excessive force. The two other factors are "(1) the nature and severity of the crime leading to the arrest," and "(2) whether the suspect poses an immediate threat to the safety of the officer or others." Tracy, 623 F.3d at 96.

With these two additional factors in mind, we respectfully disagree with the District Court that no reasonable factfinder could conclude that the force used by the SSAs to arrest Concepcion was excessive. First, a reasonable juror

6

considering the "nature and severity of the crime leading to arrest" could easily find that Concepcion's crime was minor. See id. After all, obstruction of governmental administration, the most severe crime that the City identifies as a basis for arresting Concepcion, is a misdemeanor. See N.Y. Penal Law § 195.05; see also In re Joe R., 843 N.Y.S.2d at 59 (sentenced to 9 months' probation for obstructing governmental administration and third-degree assault); In re Ismaila M., 827 N.Y.S.2d 7, 8 (1st Dep't 2006) (sentenced to 12 months' probation for obstructing governmental administration and second-degree assault). Second, whether Concepcion "pose[d] an immediate threat to the safety of the officer or others," Tracy, 623 F.3d at 96, is the subject of a genuine factual dispute between the parties that should not have been resolved on summary judgment. While the City argues that the SSAs' use of force was at least in part spurred by an alleged threatening gesture made by Concepcion, Concepcion strongly denies that characterization. And as the District Court noted, the surveillance footage of the events leading up to Concepcion's arrest fails to resolve the dispute. See App'x at 283.

The City invites us in the alternative to conclude that the Defendants are

entitled to qualified immunity shielding them from liability for excessive force. But genuine disputes of fact regarding the nature of the force used persist on appeal. "[T]he[se] factual questions must be resolved by the factfinder" and compel us to decline the City's invitation. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007) (quotation marks omitted). We therefore vacate the District Court's judgment insofar as it dismissed Concepcion's excessive force claims.[1]

### 3. Claims against Burbano and Department of Education

Finally, Concepcion argues that the District Court erred by dismissing all claims against Burbano and the Department of Education. For the reasons previously stated, we vacate the District Court's judgment with respect to the excessive force claims, including as against Burbano and the Department of Education. As to the remaining claims, Concepcion argues that because Assistant Principal Burbano and the Department of Education never answered the complaint, neither could have moved for summary judgment. This argument was never raised in the District Court and is therefore forfeited. See Allianz Ins.

---

[1] The District Court's use-of-force analysis was coextensive with respect to the § 1983 excessive force claim and the state-law assault and battery claims, so we vacate its judgment on all three claims.

Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005). Concepcion timely also argues on appeal that the District Court's dismissal of his claims against the Department of Education was based on an erroneous reading of a stipulation and order of dismissal. Even assuming that argument is timely, it is irrelevant. Concepcion offers no theory of direct liability as to the Department of Education, and we vacate the District Court's judgment on the excessive force claims, the only remaining basis for vicarious liability.

We have considered Concepcion's remaining arguments and conclude that they are without merit. For the foregoing reasons, we VACATE the District Court's grant of summary judgment in favor of the City on Concepcion's excessive force claims under § 1983 and under New York assault and battery law and REMAND those claims. The judgment of the District Court is AFFIRMED in all other respects.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court